IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01163–WYD–KMT


REGINALD GREEN, and
NJIDEKA FRANCES ABAJUE,

      Plaintiffs,

v.

JANET NAPOLITANO, Secretary of Homeland Security,
DISTRICT DIRECTOR DENVER DISTRICT OFFICE OF THE UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES,
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and
IMMIGRATION AND CUSTOMS ENFORCEMENT,

      Defendants.

---

## ORDER

---

      This matter is before the court on the "Unopposed Motion to Stay Discovery" (Doc. No. 15, filed August 2, 2011).

      Plaintiffs filed their Complaint on May 2, 2011.  (Doc. No. 1.)  On July 19, 2011, Defendants filed their Motion to Dismiss.  (Doc. No. 10.)  The Motion to Dismiss is presently pending before Chief District Judge Wiley Y. Daniel.  The defendants now move for a stay of the proceedings pending ruling on their Motion to Dismiss.

      The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*,

713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d

Cir. 1971)).  In other words, stays of the normal proceedings of a court matter should be the

exception rather than the rule.  As a result, stays of all discovery are generally disfavored in this

District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D.

Colo. Mar. 2.2007) (citation omitted).  However, a stay may be appropriate in certain

circumstances.  The Court weighs several factors when evaluating the propriety of a stay.  *See*

*String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL

894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test).  The Court considers (1) the

interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience;

(4) the interest of nonparties; and (5) the public interest in general.  *Id.*  Here, these factors weigh

in favor of the entry of a stay.

A motion to stay discovery pending determination of a dispositive motion is an

appropriate exercise of this court's discretion.  *Landis v. North American Co.*, 299 U.S. 248,

254–255 (1936).  The power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment,

which must weigh competing interests and maintain an even balance.  *Kansas City Southern Ry.*

*Co. v. United States*, 282 U.S. 760, 763 (1931).

In this case, there is no prejudice to any party by granting a stay.  In their Motion to

Dismiss, Defendants argue the Complaint should be dismissed for lack of jurisdiction under Fed.

R. Civ. P. 12(b)(1) and for failure to properly serve under Fed. R. Civ. P. 12(4)(i), and that

Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. No. 10.)  Defendants also argue that proceeding with discovery would burden them, as they will have to expend limited government resources to conduct discovery.  Defendants argue that a stay will convenience the Court because the Court will avoid the possibility of resolving discovery disputes that will be for naught if the Motion to Dismiss is granted.  Defendants also argue that a stay benefits the interests of nonparties and the public, as a stay will allow the Court and the Department of Justice, both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed.  Plaintiffs do not oppose the Motion to Stay.  The court agrees that in this case it is sensible to stay the case pending resolution of Defendants' Motion to Dismiss.  Therefore, it is

ORDERED that the  "Unopposed Motion to Stay Discovery" (Doc. No. 15) is GRANTED.  This case is STAYED pending ruling on Defendants' Motion to Dismiss.  It is further

ORDERED that the parties shall file a joint status report within ten days of the district court's ruling on the Motion to Dismiss if any portion of the action remains pending.

Dated this 15th day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge