IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-01163-WYD-KMT

REGINALD GREEN; and
NJIDEKA FRANCES ABAJUE,

      Plaintiffs,

v.

JANET NAPOLITANO, Secretary of Homeland Security;
DISTRICT DIRECTOR DENVER DISTRICT OFFICE OF THE UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and
IMMIGRATION AND CUSTOMS ENFORCEMENT,

      Defendants.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

Defendants move to dismiss this immigration action pursuant to Fed. R. Civ. P.

12(b)(1) or (6) or, in the alternative, Fed. R. Civ. P. 56, on the basis that Plaintiffs'

claims are barred by the doctrine of res judicata.  While Defendants originally moved to

dismiss under Fed. R. Civ. P. 4(i) and 12(b)(5) for lack of service, they acknowledged in

their reply that service has been accomplished.  Accordingly, that argument is moot.

For the reasons stated below, Defendants' motion to dismiss is granted pursuant to

Rule 12(b)(6).  The alternative request for summary judgment is denied as moot.

Before addressing Defendants' motion, I note that a supplement to Plaintiff's

opposition to Defendant's motion was filed on November 28, 2011.  This was construed

by the Court as a motion to supplement Plaintiffs' opposition to the motion to dismiss.

On December 12, 2011, Defendants filed an opposition to and motion to strike Plaintiffs'

motion to supplement.  Defendants move to strike Plaintiffs' motion to supplement on

the basis that it seeks to improperly supplement the administrative record and have this

Court consider documents that were not considered by the agency when it revoked

Plaintiff Green's I-130 immigrant visa petition.  Plaintiffs did not respond to Defendants'

motion to strike.

I grant Defendants' motion to strike, and strike Plaintiffs' supplement.  I agree

with Defendants that Plaintiffs' supplement attaches material that is outside of the

administrative record and is not subject to consideration by the Court.  *See* 5 U.S.C.

§ 706 (when reviewing agency action under the APA, judicial review is limited to "the

whole record or those parts of it cited by a party"); *Franklin Sav. Ass'n v. Director, Office

of Thrift Sup.*, 934 F.2d 1127, 1137 (10th Cir. 1991).  I now turn to the merits of

Defendants' motion, first addressing the background of the case.

II.     FACTUAL BACKGROUND

Plaintiff Green is a United States citizen; his wife, Plaintiff Abajue, is a citizen of

Nigeria.  (Compl. ¶¶ 1, 2.)  After marrying Plaintiff Abajue, Plaintiff Green filed a Form I-

130 Petition for Alien Relative with USCIS on her behalf.  (*Id.* ¶ 8).  USCIS initially

approved the visa petition.  (*Id.*)  However, USCIS revoked the visa petition after

determining that Plaintiff Abajue's prior marriage was based on fraud.  (*Id.*)

According to Plaintiff Abajue, she was at USCIS's office when her former spouse

was interviewed. (Compl., ¶ 9.)  Abajue contends that she was never confronted with

her former spouse's allegation of marital fraud, and she did not become aware of the allegation until after a Notice to Appear was issued and she requested copies of documents in her file under the Freedom of Information Act.  (*Id.*)

Plaintiffs appealed USCIS's decision to revoke Plaintiff Green's I-130 visa petition to the Board of Immigration Appeals ["BIA"], and on February 26, 2009, it was denied. (Compl., ¶ 10.)  Plaintiff Abajue appealed the BIA's decision in the form of a Petition for Review to the Tenth Circuit Court of Appeals.[1]  (Mot. to Dismiss, Ex. B - *Abajue v. Holder*, No. 09-9512 (10th Cir. March 24, 2009 Docket Report.)  On June 11, 2009, Abajue filed a motion to withdraw the petition before the Tenth Circuit had an opportunity to render a decision.  (*Id.*)  On July 1, 2009, the Tenth Circuit construed Abajue's motion to withdraw as a motion to dismiss and granted the motion.  (*Id.*)

On May 13, 2009, Plaintiffs brought a complaint in this Court against Defendants, *Green v. Napolitano*, Case No. 09-cv–01105-WYD-MEH over which I presided [hereinafter "*Green I*"], alleging that USCIS's decision to revoke Plaintiff Green's previously approved I-130 visa petition because of allegations of prior marriage fraud against Plaintiff Abajue violated their Constitutional procedural due process rights. (ECF No. 10, Ex. A - Doc. 1 ¶¶ 14, 15)  I take judicial notice of that case, and my consideration of the case does not require conversion of Defendant's motion into a motion for summary judgment.  *See Merswin v. Williams Cos., Inc.*, No. 09-5096, 2010

---

[1] Defendants contend that Plaintiff Abajue improperly filed the Tenth Circuit Petition for Review on her own behalf.  They assert that Abajue did not have standing to appeal the BIA's affirmance of USCIS's decision to revoke Plaintiff Green's I-130 visa petition.  That is because in visa petition proceedings, the burden of proving eligibility for the benefit sought remains entirely with the petitioner. 8 U.S.C. § 1361.  This issue is immaterial, however, to my decision.

WL 373672, at * 2 (10th Cir. Feb. 3, 2010) (unpublished) ("It is settled that the district court can take judicial notice of its own decision and records in a prior case involving the same parties.") (citing *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008)).  Additionally, I take judicial notice of the proceedings in other courts involving these parties and the matters at issue[2] , *see St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979), and this does not require conversion of the motion to dismiss into a Rule 56 motion.  *Tal v. Hogan,* 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

In *Green I* filed in this Court, Plaintiffs sought "a temporary restraining order and a preliminary injunction, pending a decision on the merits, that enjoins Defendants from arresting, detaining, or removing" Plaintiff Abajue from the United States.  (ECF No. 10, Ex. A at Prayer for Relief.)  Additionally, Plaintiffs sought a declaratory judgment that USCIS's I-130 visa petition revocation decision was invalid and a permanent injunction against USCIS from implementing the revocation decision.  (*Id.*)

On July 17, 2009, the defendants in *Green I* filed a motion to dismiss for lack of jurisdiction and failure to state a claim arguing that USCIS's decision to revoke the I-130 visa petition was a discretionary action not subject to judicial review pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii) and that this Court lacked subject matter jurisdiction over Plaintiff Abajue's request for relief.  (Case No. 09-cv-01105, ECF No. 9; *see also* ECF

---

[2]  Plaintiffs - together or individually - filed the prior action in this Court challenging the government's revocation of Plaintiffs' immigration benefits, a Petition for Review of a final order of removal in the Tenth Circuit Court of Appeals discussed in more detail below; and a Petition for Review challenging the Board of Immigration Appeals'("BIA") February 26, 2009 affirmance of the USCIS's revocation of Plaintiff Green's I-130 visa petition.

No. 10 in this case, Ex. C at 2, 4.)  On March 17, 2010, I granted that motion to dismiss, finding that the Court lacked jurisdiction to review USCIS's revocation of Plaintiffs' I-130 visa petition.  (ECF No. 10, Ex. C. at 8.)  I also found that the Court had no jurisdiction over Plaintiffs' request for a declaratory judgment and a permanent injunction to prohibit Defendants from implementing the revocation decision.  (*Id.* at 1.)  Additionally, I found that USCIS's decision to revoke an I-130 visa petition pursuant to 8 U.S.C. § 1155 is discretionary and thus, 8 U.S.C. § 1252(a)(2)(B)(ii) strips the Court of jurisdiction to review the decision.  (*Id.* at 6.)  Finally, I found that Plaintiffs' constitutional claims were an attempt to circumvent the 8 U.S.C. § 1252(a)(2)(B)(ii) jurisdictional bar by framing their argument as a due process violation in order to have USCIS's discretionary decision overturned.  (*Id.* at 4.)

Plaintiffs appealed my ruling in *Green I* to the Tenth Circuit, challenging the determination that this Court lacked jurisdiction to review the case.  On December 21, 2010, the Tenth Circuit issued a published decision affirming my March 17, 2010 decision, entitled *Green v. Napolitano*, 627 F.3d 1341 (10th Cir. 2010).  It determined that USCIS's decision pursuant to 8 U.S.C. § 1155 to revoke Plaintiff Green's erroneously approved I-130 visa petition was discretionary and unreviewable.  *Id.* at 1344-1346.  It also determined that 8 U.S.C. § 1252(a)(2)(B)(ii) stripped this Court of jurisdiction to review discretionary decisions to revoke a I-130 visa petition, and rejected Plaintiffs' arguments that attempted to circumvent the jurisdictional bar of that statute. *Id.* at 1345-1348.

Thereafter, on May 2, 2011, Plaintiffs filed this immigration action under 5 U.S.C. § 702 (Administrative Procedure Act), 28 U.S.C. § 1331 (federal question statute), and 28 U.S.C. § 2201 (the Federal Declaratory Judgment Act).  (Compl. ¶ 7.)  Plaintiffs allege that the United States Citizenship and Immigration Services' ["USCIS"] decision to revoke Plaintiff Green's erroneously approved I-130 visa petition because of allegations of prior marriage fraud against Plaintiff Abajue violates their Constitutional procedural due process rights.  (Compl. ¶¶ 22, 23.)  Plaintiffs assert that the way and manner the interview of Abajue's former spouse was conducted calls into question his alleged confession.  Plaintiff Abajue was not allowed to attend the interview of her former spouse and was never confronted with his alleged confession.  She was thus denied the opportunity to confront her former spouse, who allegedly moved out of the house they were both living in on the same day of the interview, having completed his alleged mission of personal vendetta based on allegations of infidelity.  Abajue was not aware of the alleged confession until after she had been put in proceedings, and she requested copies of documents in her file under the Freedom of Information Act.

Plaintiffs seek "a temporary restraining order and a preliminary injunction, pending a decision on the merits, that enjoins Defendants from arresting, detaining, or removing" Plaintiff Abajue from the United States.  (Compl. at Prayer for Relief ¶ 1.)  Additionally, Plaintiffs ask the Court to declare that USCIS's decision to revoke Plaintiff Green's I-130 visa petition is invalid; that the "purported confession" by Plaintiff Abajue's former spouse violated the Plaintiffs' constitutional rights; and that Defendants be permanently enjoined from "implementing the revocation decision."  (*Id.* ¶¶ 2, 3.)

III.   ANALYSIS

Defendants ask the Court to take judicial notice of the fact that each of Plaintiffs' claims duplicates claims they previously raised in this Court.  In other words, it is argued that Plaintiffs' Complaint in this action is substantially the same as the complaint they filed in *Green I* which I dismissed for lack of jurisdiction.  *Compare* Compl. in this case with Ex. A, ECF No. 1 in *Green I*.  Defendants thus argue that Plaintiffs' claims are barred by the doctrine of *res judicata* as these claims have already been raised and dismissed.

I find that dismissal of this case is appropriate under the doctrine of res judicata. "Pursuant to the doctrine of res judicata, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008) (quoting *Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002)).  "It is designed to ensure the finality of judicial decisions."  *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237 (10th Cir. 1992).

Res judicata, or claim preclusion, "applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.'"  *Pelt*, 539 F.3d at 1281 (quoting *MACTEC Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)).  Additionally, where appropriate, the courts have looked at a fourth factor: (4) whether the plaintiff had a full and fair opportunity to litigate the prior suit.  *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997); *see also Yapp v. Excel Corp.*, 186 F.3d

1222, 1226 n. 4 (10th Cir. 1999).  "[I]t is incumbent upon the defendant to plead and

prove" the defense of claim preclusion.  *Pelt*, 539 F.3d at 1283.

    In this case, Plaintiffs do not dispute that the claims asserted in this case are the

same in *Green I*, *i.e.*, there is an identity of subject matter and an identity of parties.

Instead, Plaintiffs assert that there was not a final judgment on the merits since the prior

case was dismissed for lack of jurisdiction.  Indeed, they assert that the Tenth Circuit

"declined jurisdiction in the prior case because there was no final order of removal."

Thus, Plaintiffs contend that the doctrine of *res judicata* is not applicable in this case

because this Court in *Green I* and the Tenth Circuit did not go into the merits of the case

having to do with a due process violation.  I reject this argument.

    While the court's dismissal of a complaint on jurisdictional grounds is not

generally considered a final judgment on the merits, there is "an important exception" to

this rule.  *Park Lake Res. L.L.C. v. USDA*, 378 F.3d 1132, 1137 (10th Cir. 2004).  That

is that "dismissals for lack of jurisdiction 'preclude relitigation of the issues determined in

ruling on the jurisdiction question.'"  *Id* (quotation and internal quotation marks omitted).

Thus, "[w]hen the question of the tribunal's jurisdiction is raised in the original action, . . .

there is no reason why the determination of the issue should not thereafter be

conclusive under the usual rules of issue preclusion.'"  *Id.* (quoting *Restatement

(Second) of Judgments § 12* cmt. c. at 119); *see also* 18 Wright, Miller & Cooper § 4418

at 468) ("The same question of jurisdiction . . . cannot be reopened in a second action

. . ."); *Jones v. United States Dep't of Justice*, No. 04-1265, 2005 WL 1525118, *3 (10th

Cir. June 29, 2005) (unpublished) ("the district court's dismissal of Jones 2003 action    .

. . on sovereign immunity grounds bars him from attempting to relitigate that issue determined as a consequence of the jurisdictional ruling against him. . .").

In this case, Plaintiffs' claims that USCIS's decision to revoke Plaintiff Green's erroneously approved I-130 visa petition because of allegations of prior marriage fraud against Plaintiff Abajue violated their Constitutional procedural due process rights are the same as that previously dismissed by this Court in *Green I*. (*See* ECF No. 10 at Ex. C.) Specifically, when I granted Defendants' motion to dismiss on March 17, 2010, I found that the Court lacked jurisdiction to review USCIS's revocation of Plaintiff Green's I-130 visa petition. (*Id.* at 8.) My ruling thus precludes relitigation of the issues determined in ruling on the jurisdiction question, which issues Plaintiffs are rearguing.

Plaintiffs also argue that because the BIA subsequently denied Plaintiff Abajue's pending immigration case, thereby entering a final order of removal against Abajue, this case is substantially different from the previous case. Because Plaintiff Abajue did not have a final order of removal against her in *Green I*, Plaintiffs assert that they had not yet exhausted their administrative remedies. However, this fact does not raise a new claim, and does not cure the jurisdictional defect that led this Court to dismiss the prior case for subject matter jurisdiction. *See Park Lake Res. L.L.C.*, 378 F.3d at 1136-37.

First, Section 242(a)(5) of the INA, 8 U.S.C. § 1252(a)(5), provides that the "sole and exclusive means" for judicial review of an order of removal "shall be" a petition for review filed with an appropriate court of appeals. *See also* Conference Report, 151 Cong. Rec. H2813-01, 109th Cong., 1st Sess., *available at* 2005 WL 1025891 (May 3, 2005) ("Under the amendments in section 106, all aliens will get review in the same

forum the courts of appeal."). This was expressly noted by the Tenth Circuit in *Green I*, 627 F.3d at 1346-47. Plaintiff Abajue currently has a Petition for Review pending before the Tenth Circuit wherein she challenges her removal order. *Abajue v. Holder, et al.*, No. 11-9528 (10th Cir. filed April 27, 2011). In her Petition for Review, she may raise her constitutional due process claims. 8 U.S.C. § 1252(b)(9); *see also Green I*, 627 F.3d at 1346-47. Additionally, pursuant to 8 U.S.C. § 1252(g), this Court lacks jurisdiction over Plaintiff Abajue's request for a preliminary injunction to enjoin Defendants "from arresting, detaining, or removing" her from the United States. 8 U.S.C. § 1252(g); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 477-78 (1999).

Secondly, although Plaintiffs claim that they are not challenging the final order of removal but agency action (see ECF No. 19 at 5, 7-8), this Court lacks jurisdiction to review the revoked I-130 petition because USCIS's decision to revoke an I-130 visa petition pursuant to 8 U.S.C. § 1155 is discretionary. Thus, 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction to review the decision. *Green I*, 627 F.3d at 1346. Therefore, the jurisdictional basis of this Court has not changed from the prior suit and the doctrine of *res judicata* applies.

Further, the Tenth Circuit did not " . . . decline[] jurisdiction in the prior case because there was no final order of removal." (Pl.'s Opp. at 6.) Rather, the Tenth Circuit affirmed this Court's March 17, 2010 decision because it determined that USCIS's decision pursuant to 8 U.S.C. § 1155 to revoke Plaintiff Green's erroneously approved I-130 visa petition was discretionary and unreviewable. *Green*, 627 F.3d at

1345-46.  The Tenth Circuit determined that 8 U.S.C. § 1252(a)(2)(B)(ii) stripped this Court of jurisdiction to review USCIS's discretionary decisions to revoke I-130 visa petitions.  *Id.* at 1346.  Further, it held that Plaintiffs' due process claims were an attempt to circumvent the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(ii).  *Id.*

Although the Tenth Circuit and this Court previously ruled on the same jurisdictional issues, Plaintiffs continue to argue that this Court has jurisdiction to review the revocation of Plaintiff Green's previously approved I-130 petition.  (ECF No. 19 at 3.) Plaintiffs argue that the proper jurisdictional basis for this Court to review the revoked I-130 petition is authorized by 8 U.S.C. § 1154(a)(1)(A)(i) and not "8 U.S.C. § 1[1]55." (*Id.*)   Plaintiffs cite to *Ayanbadejo v. Chertoff*, 517 F.3d 273 (5th Cir. 2008), and *Zhao v. Gonzales*, 404 F.3d 295 (5th Cir. 2005), to support their position.  *Id.* at 3-4.  However, Plaintiffs raised this exact same argument previously to this Court and to the Tenth Circuit.  *Green v. Napolitano*, Case No. 09-cv-01105 (D. Colo. March 17, 2010) (ECF No. 10); *Green*, 627 F.3d at 1347.  At both levels, Plaintiffs' claims were rejected after they had a full and fair opportunity to litigate their claims.

In short, Plaintiffs have had every opportunity to assert their claims in various forums.  *See Park Lake*, 378 F.3d at 1135-36 ("'A party who has had a full opportunity to present a contention in court ordinarily should be denied permission to assert it on some subsequent occasion.'") (quotation omitted).  Plaintiffs offer, and I find, no persuasive basis to permit them to try to present their claims again in this Court. Accordingly, this case is dismissed under the doctrine of res judicata. *See Cory v. Fahlstrom*, No. 05-3010, 2005 WL 1526135, at *2 (10th Cir. June 29, 2005)

-11-

(unpublished) ("The district court concluded that there was no subject matter jurisdiction for those claims, this court affirmed that conclusion. . . .The issue has been decided, and Mr. Cory is precluded from asserting it again. . . .A court is not like a pin-ball machine, in which a player dissatisfied with his result can try his hand over and over again.  Once a litigant has had a full and fair opportunity to present his claims in court and has lost, it is time for him to 'accept' the result, at least to the extent of refraining from bringing repetitive lawsuits.").

IV.    <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Defendants' Motion to Strike Plaintiffs' First Motion to Supplement Plaintiffs' Opposition to Defendants' Motion to Dismiss For Lack of Jurisdiction, For Failure to State a Claim, For Lack of Proper Service, or in the Alternative, Motion for Summary Judgment, filed on November 28, 2011 (ECF No. 25) is **GRANTED**.  Plaintiffs' Motion to Supplement Plaintiffs' Opposition to Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim, for Lack of Proper Service, or in the Alternative, Motion for Summary Judgment (ECF No. 24) is **STRICKEN** and has not been considered by the Court.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction, for Failure to State a Claim, for Lack of Proper Service, or in the Alternative, Motion for Summary Judgment (ECF No. 10 filed July 19, 2011), which is construed as a motion to dismiss, is **GRANTED** as set forth in this Order.  This case is **DISMISSED** under the doctrine of res judicata.

Dated:  March 13, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge